## FRANCIS REILLY v. MARY A. BROWN.

*Mortgage—Absolute conveyance—Fraud.*

The decree of the court below, declaring that the deed sought to be set aside was executed to enable the complainant to secure a loan upon the land, and directing a reconveyance to him subject to the mortgage given to secure said loan, is affirmed.

Appeal from Wayne. (Hosmer, J.) Argued June 4, 1891. Decided July 28, 1891.

Bill to set aside a deed alleged to have been executed to enable complainant to obtain a loan. Defendant

appeals. Decree affirmed. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for complainant.

*John H. McDonald* (*Frank B. Leland,* of counsel), for defendant.

CHAMPLIN, C. J. The bill of complaint in this case was filed in March, 1890, and alleges:

"1. That complainant owned, for many years prior to June 18, 1889, lots 6 and 7, in block A of the Cass farm, in the city of Detroit.

"2. That complainant, by reason of the appointment of a special guardian over him, whereby his money and property were tied up, was in need of money, and, in order to secure the same, made a deed of said premises to said defendant.

"3. That said deed was made for the sole purpose of securing a loan upon said premises; that no consideration was paid therefor, and it was given under an express agreement with defendant that she would hold the title merely for the purpose of obtaining the loan, and would reconvey the same to complainant at any time he desired.

"4. That defendant and her husband went with complainant, and secured a loan of $3,000, by mortgage to the Michigan Fire & Marine Insurance Company, for which complainant paid defendant $200,—$100 to defendant for personal services, and $100 for her attorney.

"5. That subsequently complainant demanded of defendant a reconveyance of the premises to him, subject to the mortgage, according to agreement; but defendant refused, and fraudulently claimed title, and had taken proceedings to secure possession and remove complainant's tenant.

"6. That defendant was wholly irresponsible, without property, and was endeavoring fraudulently to deprive complainant of said premises by proceedings to secure possession and transfer of title, etc.

"7. Complainant prays that the deed may be declared a mortgage, and that the same may be canceled upon payment of the mortgage by complainant."

Defendant answered, admitting the transfer and mortgage, but denying the agreement for a reconveyance, and claiming a *bona fide* purchase of the premises.

The defendant insists that much irrelevant testimony was introduced bearing upon the mental capacity of the complainant. We think such testimony was proper and relevant, as bearing upon the relations of the parties, and the true nature of the contract entered into between them. We have read the testimony very carefully, and we must say not without a feeling of indignation at the manner in which this old man has been first cajoled and then swindled out of his money by some of those who have undertaken to befriend him. He commenced life as a common laborer. By his frugality, diligence, and thrift in his youth and maturer manhood, he accumulated a handsome property. He is not able to read or write anything but his name. Because of old age, his intellect has become enfeebled, and he is suspicious of his children, and has become possessed of the idea that some one, in some way, is seeking to get his property away from him, and without cause he has endeavored to secrete it, so that this imaginary or real person cannot find it; and he has conveyed the title first to one person, and then to another, until finally he consummated the transaction with the defendant.

The pretense that she gave value for the property is not sustained by the proofs. She claims that she bargained for it for $3,000, but this money that she claims to have paid was obtained by the mortgage to the insurance company, and we are satisfied from the proofs that the property was worth at least $6,000. When defendant and her husband applied for the loan, they represented the land, without the building, to be worth $6,000, and the building $3,000, and that it rented for $45 a month. This representation was made

before any deed was executed, and is contained in the application to the insurance company for a loan, dated June 10, 1889, signed "Mary A. Brown, per H. L. Brown." H. L. Brown is the husband of the defendant. It appears from the deed offered in evidence that it bears date the 1st day of May, 1889, but it will be noticed that it is not acknowledged until the 18th day of June, 1889, the same day the mortgage bears date.

We deem it unnecessary to recite at any length whatever the testimony introduced in the cause. From the consideration of the whole testimony, we are entirely satisfied that the decree of the circuit court was correct, and that it ought to be affirmed.

We may further add, from a careful consideration of the testimony, in view of the age and mental condition of the complainant, we are of the opinion that it is needful that a guardian should be appointed to protect him from disposing of his property without adequate consideration, and from consequent want in his old age. The testimony in this case is ample to show that he is incompetent to manage his property.

The decree of the circuit court is affirmed, with costs of both courts.

The other Justices concurred.